I respectfully dissent. In the present case, it is agreed that appellant used force while attempting to flee. Under the majority opinion, a thief while attempting to flee is privileged to exercise force against an individual who does not have actual authority to effect an arrest. Privilege is defined as "an immunity, license, or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity." R. C. 2901.01(A)(12). I do not believe that the legislature intended to extend such privilege to a thief.
R.C. 2935.04 does not address whether a thief is justified in exercising force against a person because the person is unauthorized to detain the thief. Instead, it simply states that no person "fleeing immediately after' attempting or committing a theft attempt shall "[u]se or threaten the immediate use of force against another." R.C. 2911.02(A)(3). The statute could have been written to state that a person shall not use "unprivileged" force against another who has theright to legally detain while fleeing immediately after the attempt or offense. Absent legislative authority, I am unwilling to find such a defense.
My reasoning concurs with the Second Appellate District's statement that "there is nothing in the robbery statute * * * to suggest that a thief is privileged to use force in attempting to flee the scene if force is used improperly against him to prevent him from fleeing the scene." State v.Clark (Apr. 22, 1993), Green App. No. 92-CA-61, unreported. While this statement may indeed be dicta, it is based upon sound reasoning. The rationale of the majority will create many unintended consequences.
Furthermore, I do not agree with the majority's conclusion that Wells' detention of appellant was improper. This conclusion is based in part upon their interpretation of R.C.2935.04. R.C. 2935.04 allows any person without a warrant to arrest another when either (1) a felony has been committed, or (2) there is reasonable ground to believe that a felony has been committed. R.C. 2913.02(B) states that if the value of the property or services is $500 or more and is less than $5,000, the violation is a fifth degree felony. In the present case, the evidence shows that the items taken from the store were valued at $299.95. Therefore, appellant was guilty of petty theft, which is a first degree misdemeanor.
However, R.C. 2935.04 allows a person to arrest another even if a felony has not been committed by allowing the arrest to be based upon a "reasonable ground to believe that a felony has been committed." A review of the trial transcript shows that Wells was never asked whether he believed appellant committed a felony. But evidence of Wells' actual belief was not essential to show whether Wells' actions were permissible pursuant to R.C. 2935.04. Wells testified that he "noticed a man coming out of the door [of the store], arms full." Wells stated that he "[d]idn't really think much of it" until the store manager asked Wells "if a man went out the door, did he have anything?" When the man, later identified as appellant, returned to the store, Wells heard appellant deny "taking anything" and that "he did not have a car." Wells testified that at this point, he heard the dinging sound of a car door that was open. Wells stated that he looked into the car and saw "a blanket in the back seat with automotive parts sticking out the end of the blanket" with the parts still in their packages. Wells further testified that when he asked appellant to return the parts, appellant got into the vehicle "[s]tarted the vehicle, and was going to flee." It was at this point that Wells attempted to stop appellant from leaving with the suspected stolen auto parts.
I believe that the above facts provide a reasonable ground to believe that appellant was committing a felony. While the total value of the stolen items was less than $500, Wells could not determine the amount of items stolen because some were hidden under a blanket in the backseat of appellant's car. Based upon the fact that some items were hidden, and the reasonable conclusion that the value of a few auto parts may exceed $500, Wells could have reasonably believed that appellant was committing a felony. The line between a permissible detention and an impermissible detention should not be solely dependent upon the actual value of the stolen goods. Therefore, I would find that there was not an illegal detention.
Therefore, I would overrule appellant's assignment of error.